UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
JAMES HUNTER,

              Plaintiff,                         MEMORANDUM
                                                           AND ORDER
        -against-                            12 CV 6139 (MKB)(RML)

CITY OF NEW YORK, *et al.*,

              Defendants.

--------------------------------------------------X

LEVY, United States Magistrate Judge:

        Plaintiff James Hunter ("plaintiff") moves for sanctions under Federal Rule of

Civil Procedure 37(c)(1), including the exclusion from use "on a motion, at a hearing, or at a

trial" of one document, the Arraignment and Classification Risk Screening Form (the

"Document"), which defendants disclosed to plaintiff on June 5, 2019, three months after the

March 4, 2019 discovery deadline.  (See Letter of Cameron Russell, Esq., dated July 1, 2019

("Pl.'s Mot."), Dkt. No. 143 & Ex. A.)  Defendants argue that they should not be sanctioned

because they disclosed the document as soon as they discovered it and did not act in bad faith.

(See Letter of W. KeAupuni Akina, Esq., dated July 3, 2019 ("Defs.' Opp."), Dkt. No. 145.)

        Plaintiff commenced this action in December 2012, asserting claims under 42

U.S.C. § 1983, as well as the Fourth, Fifth, and Fourteenth Amendments to the United States

Constitution, based on the allegation that he was denied medical treatment after his arrest on

April 25, 2011.  (See Complaint, dated Dec. 5, 2012, Dkt. No. 1.)  Defendants state that on June

4, 2019, while reviewing plaintiff's inmate file in preparation for mediation, they discovered the

Document, which relates to plaintiff's admission to Rikers Island on April 27, 2011.  (See Defs.'

Opp.)

Rule 37(c)(1) provides, in relevant part:

> If a party fails to provide information or identify a witness
> as required by Rule 26(a) or (e), the party is not allowed to
> use that information or witness to supply evidence on a
> motion, at a hearing, or at a trial, unless the failure was
> substantially justified or is harmless. In addition to or
> instead of this sanction, the court, on motion and after
> giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses,
> including attorney's fees, caused by the failure . . . [or]
> (C) may impose other appropriate sanctions, including any
> of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

FED. R. CIV. P. 37(c)(1).

"The burden of proving either substantial justification or harmlessness rests with the party which has failed to disclose information." Kara Holding Corp. v. Getty Petroleum Mktg., Inc., No. 99 CV 0275, 2004 WL 1811427, at *24 (S.D.N.Y. Aug. 12, 2004). Failure to disclose information required by Rule 26(a) or (e) is substantially justified where "there is justification to a degree that could satisfy a reasonable person that the parties could differ as to whether the party was required to comply with the disclosure request or if there exists a genuine dispute concerning compliance." Lujan v. Cabana Mgmt., Inc., 284 F.R.D. 50, 68 (E.D.N.Y. 2012). Courts typically hold that unintentional failures are **not** substantially justified. See Leong v. 127 Glen Head Inc., No. 13 CV 5528, 2016 WL 845325, at *5 (E.D.N.Y. Mar. 2, 2016) (citing cases that illustrate this proposition and stating that the plaintiff's "oversight"' in failing to identify a witness earlier was not an acceptable excuse); Emmpresa Cubana Del Tabaco v. Culbro Corp., 213 F.R.D. 151, 159 (S.D.N.Y. 2003) (stating that delay resulting from neglect warrants exclusion).

Nondisclosure or untimely disclosure is harmless where it has not prejudiced the other party or where the prejudice resulting from the nondisclosure or untimely disclosure can be

cured quickly and inexpensively.  See Hein v. Cuprum, S.A., De C.V., 53 F. App'x 134, 136 (2d Cir. 2002) (affirming district court's decision not to exclude a witness where the plaintiff had the opportunity to re-examine the witness and recall his own expert); Peters v. Molloy Coll. of Rockville Ctr., No. 07 CV 2553, 2010 WL 3170528, at *6 (E.D.N.Y. Aug. 10, 2010) (holding that nondisclosure of a letter was harmless where both parties had a copy of it).  Subsequent disclosure under certain circumstances may qualify as a sufficient cure.  1 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary § V (2019).  However, courts have also held that additional expense and delay resulting from late disclosure can constitute harm. See BF Advance, LLC v. Sentinel Ins. Co., No. 16 CV 5931, 2018 WL 4210209, at *7 (E.D.N.Y. Mar. 20, 2018) (plaintiff's belated disclosure of a declaration prejudiced defendant who "did not have an opportunity to depose [the declarant] or offer a rebuttal expert.").

The Second Circuit has held that the sanction of exclusion is discretionary, even where the nondisclosing party's failure was neither harmless nor substantially justified.  Lorme v. Delta Air Lines, Inc., 251 F. App'x 691, 692 (2d Cir. 2007); Design Strategy, Inc. v. Davis, 469 F.3d 284, 298 (2d Cir. 2006).  Moreover, courts in this circuit generally characterize exclusion as an extreme remedy.  Hein, 53 F. App'x at 137 (holding that the trial court did not abuse its discretion in "steer[ing] a middle course between the extreme remedy of exclusion and the possibility of unfair prejudice to the plaintiff"); see also Rupolo v. Oshkosh Truck Corp., 749 F. Supp. 2d 31, 38 (E.D.N.Y. 2010) (stating that while the language of Rule 37(c)(1) suggests that exclusion is automatic, "preclusion is not generally ordered.").

The following factors are intended to guide courts in deciding whether to impose Rule 37(c)(1)'s exclusion sanction: (1) the non-disclosing party's explanation for its failure to disclose required information, (2) the importance of the document or testimony at issue, (3) the

prejudice resulting from the failure to disclose, and (4) the possibility of a continuance (the "Softel factors"). Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc., 118 F.3d 955, 961 (2d Cir. 1997). Regarding the first Softel factor, defendants rely on the fact that plaintiff has not alleged bad faith. (See Defs.' Opp.) However, Rule 37(c)(1) does not contain an implicit bad faith requirement. Design Strategy, 469 F.3d at 296 (holding that a bad faith requirement "should not be read into the Rule.") In addition, as plaintiff argues, "neglecting to search for [the Document] is 'no adequate explanation for . . . untimely disclosure.'" (Pl.'s Mot. at 2-3) (quoting Haas v. Del. Hudson Ry. Co., 282 F. App'x 84, 86 (2d Cir. 2008) (finding that plaintiff's counsel's failure to search for evidence until after the close of discovery, although not due to bad faith, weighed in favor of exclusion)).

Defendants have established that the second Softel factor weighs in their favor as the Document tends to corroborate defendant Giuca's testimony.[1] (See Def.'s Opp. at 2.) Defendants contend that plaintiff had no visible signs of injury when he was arrested, but that Officer Giuca still asked plaintiff whether he wanted medical treatment, which plaintiff declined. The Document indicates that when plaintiff was admitted to Rikers Island, he denied having any

---

[1] Plaintiff has highlighted certain purported inconsistencies in the Document. (Pl.'s Mot. at 3.) Defendant contends that these inconsistencies are not relevant here since they go to weight, not admissibility. (Defs.' Opp. at 2.) I find that none of the alleged inconsistencies undermines the importance of the Document. For example, plaintiff argues that "[p]laintiff has multiple tattoos, and on the day in question had blood on his shirt, yet the boxes on the form meant to record these details are not checked." (Pl.'s Mot. at 3.) However, the court has no information concerning the location of plaintiff's tattoos and whether they were covered on the day in question. In addition, while an officer could have noted that plaintiff had blood on his shirt in the remarks section of the "Description of Clothing" box, the Document does not directly ask whether plaintiff had blood on his clothes or person. (See Pl.'s Mot., Ex. A, Dkt. No. 144.)

immediate medical needs and stated "I feel ok."[2]  Plaintiff then signed the Document with these

answers.  (See Pl.'s Mot., Ex. A, Dkt. No. 144.)

Turning to the prejudice factor, while it may not take plaintiff long to review the

two-page Document, plaintiff has not had the opportunity to question witnesses about the

Document and relevant N.Y.P.D. protocol.  I therefore find that plaintiff has been prejudiced by

the delay and added expense caused by the late disclosure.

Finally, the fact that discovery had been closed for three months when defendants

disclosed the Document weighs against the possibility of a continuance.  Colon v. Linchip

Logistics LLC, 330 F.R.D. 359, 368 (E.D.N.Y. 2019) (collecting cases).  On the other hand, as

defendants point out, summary judgment briefing has not yet begun and no trial date has been

set.  (Defs.' Opp. at 3.)  This suggests that a continuance would not cause undue inconvenience.

See Schiller v. City of New York, No. 04 CV 7921, 2008 WL 4525341, at *7 (S.D.N.Y. Oct. 9,

2008) ("Currently, no date is scheduled for a summary judgment motion or for a trial, so a

continuance is certainly possible.").

Taking all of the Softel factors into account, I find that monetary sanctions would

compensate plaintiff adequately for the additional expense and delay resulting from defendants'

late disclosure of the Document, and that exclusion is too harsh a remedy under the

circumstances.  See Fossil Indus., Inc. v. Onyx Specialty Papers, Inc., 302 F.R.D. 288, 291, 294

(E.D.N.Y. 2014) (awarding monetary sanctions where plaintiff negligently failed to disclose

emails that were "directly responsive to [defendant]'s demands served more than one year prior"

and discovery had been closed for nearly seven months); Phoenix Four, Inc. v. Strategic Res.

Corp., No. 05 CV 4837, 2006 WL 1409413, at *9 (S.D.N.Y. May 23, 2006) (ordering a grossly

---

[2] Mr. Hunter denies making this statement.

negligent non-disclosing party to pay the costs of the motion for sanctions and $10,000 for each repeat deposition); <u>Zubulake v. UBS Warburg LLC</u>, 229 F.R.D. 422, 437 (S.D.N.Y. 2004) (awarding plaintiff attorney's fees and costs associated with the motion and any depositions plaintiff might have to re-take because of defendant's delay in producing emails).

      Accordingly, discovery is reopened on a limited basis, to allow plaintiff to conduct depositions or propound interrogatories related to the Document. In addition, defendants are ordered to pay plaintiff's legal fees and any costs flowing from the instant motion and further discovery attributable to defendants' belated disclosure. The parties are directed to appear for a telephone conference on August 14, 2019 at 10:30 a.m., prior to which the parties will meet and confer concerning these issues and plaintiff's counsel will submit a request for a specific amount that will fairly compensate plaintiff.

      SO ORDERED.


                                              /s/
                                  ROBERT M. LEVY
                                  United States Magistrate Judge


Dated:  Brooklyn, New York
       August 8, 2019