# Freshfields Bruckhaus Deringer US LLP

**By ECF**

The Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

**CAMERON RUSSELL**

601 Lexington Avenue, 31st Floor
New York, NY 10022
Tel +1 212 230 4654
cameron.russell@freshfields.com

January 15, 2020

Re: *James Hunter v. City of New York et al.*, **12-CV-6139 (MKB)(RML)**

Dear Judge Levy,

We are *pro bono* counsel to Plaintiff James Hunter in the above-referenced proceeding. By this letter Plaintiff respectfully asks this Court to order sanctions against Defendants under Federal Rule of Civil Procedure (**Rule**) 37(b)(2)(A)(ii). Specifically, Plaintiff requests that this Court prohibit Defendants from introducing into evidence, or from using to support or defend any claim or defense, the Arraignment and Classification Risk Screening (**ACRS**) form (the **Form**), which Defendants first produced on June 5, 2019.[1] The parties have attempted to resolve this dispute without success. Plaintiff requests oral argument regarding this motion.

**Background:** Under Rule 26(a), Defendants should have produced the Form in July 2015. Defendants admit this. *See* Joint Motion for Extension of Time to File, ECF No. 141. Nevertheless, Defendants produced the Form *four years late*, and *more than three months* after the end of discovery. Plaintiff filed a motion for sanctions under Rule 37(c), and on August 8, 2019, this Court held that Defendants had provided "no adequate explanation" for their failure to produce the Form. *See* Mem. & Order 4, ECF No. 146 (the **Order**). To correct the prejudice Plaintiff suffered as a result of Defendants' failure to fulfil their discovery obligations, this Court ordered that Plaintiff be allowed to conduct additional discovery related to the Form, and that Defendants compensate Plaintiff for the costs of their motion and additional discovery. *Id.* at 6.

Unfortunately, as detailed below, despite the Court's Order, Defendants have continued to treat their discovery obligations with disdain. Plaintiff therefore makes this motion under Rule 37(b)(2)(A)(ii) to prohibit Defendants from further using the Form in this case. Since the Court's previous sanction has not been enough to compel Defendants to honor their discovery obligations, exclusion of the Form from further use in this case is warranted.

**Defendants' Failures to Abide by Discovery Obligations:** Since this Court re-opened discovery on August 8, 2019, Defendants have failed to make reasonable and timely efforts to respond to Plaintiff's document requests, interrogatory, and Rule 30(b)(6) deposition request.

*Officer X:* Defendants have failed to identify the individual who filled out the Form (**Officer X**). The Form contains numerous omissions, inconsistencies, and inaccuracies[2] that

---

[1] Since June 5, 2019, Defendants have produced various copies of the Form in several separate disclosures. References to the "Form" in this motion are inclusive of all such copies.

[2] For example: the officer who filled out the Form did not sign it, as required by relevant protocol; Mr. Hunter's signatures are dated April 26, 2011, even though he was not delivered to Department of Correction (**DOC**) custody for processing and questioning regarding this form until April 27, 2011; the Form fails to note Mr. Hunter's tattoos and the blood on Mr. Hunter's clothing in the boxes that specifically require this information to be noted; and the Form contains a description of Mr. Hunter's physical condition that is "inadequate" under relevant protocol (*see* Ex. A, Excerpts of Transcript of Deposition of Officer Scott (**Tr.**) 86:17-92:14).

The Freshfields Bruckhaus Deringer US LLP partners include members of the Bars of the State of New York and the District of Columbia, Solicitors of the Supreme Court of England and Wales and Rechtsanwälte of Germany

Plaintiff has attempted to investigate. Indeed, according to the 30(b)(6) witness Plaintiff deposed, the Form was inadequately completed according to relevant protocol. *See* Tr. 86:17-92:14. Yet Defendants have failed to take reasonable steps to identify Officer X so that Plaintiff could question this individual regarding the errors on the Form.

Defendants claim that this individual could not be identified because the log that would have recorded the list of individuals working on the day the Form was completed has been lost, *see* Pl.'s Letter, Nov. 19, 2019, ECF No. 154 at 2, but Defendants' poor record-keeping cannot excuse Defendants from their obligations to comply with the Court's Order. Perhaps recognizing this, Defendants agreed on September 18, 2019, to look for other documentation that would reveal Officer X's identity, and on October 8, 2019, counsel for Defendants stated that he would be reviewing additional documentation within two weeks. *Id.* More than a month later, on November 19, 2019, Defendants again represented that a review of these additional documents would be conducted. So far as Plaintiff is aware, Defendants have never conducted this review. Defendants have not even attempted to provide an explanation for failing to review these additional documents despite their repeated assurances that they would.[3] Defendants have failed to identify Officer X after more than *five months* of additional discovery, and have not even reviewed documentation Defendants themselves believe could lead to the identification of Officer X. Defendants' failure to take reasonable steps to identify Officer X has not only frustrated Plaintiff's attempts to conduct discovery, but also demonstrates a complete disregard for the discovery obligations arising from the Court's Order.

*Failure to Produce Documents:* On September 6, 2019, Plaintiff made document requests for, *inter alia*, protocols relevant to ACRS forms, and documents detailing claims, complaints, and investigations relating to information recorded (or not recorded) on ACRS forms. *See* Ex. B, Pl.'s Sixth Doc. Reqs. It took Defendants *more than two months* to produce any responsive documents.[4] Finally, on November 14, 2019, Defendants produced a single two-page memorandum, which references Facility General Office Audits detailing systematic failures by DOC officers to complete ACRS forms in their entirety. *See* Ex. C, Defs.' Tenth Suppl. Disclosure. Despite the relevance of these audits and Plaintiff's specific request for their production, Defendants have not produced them, nor provided any explanation for failing to do so. It is now more than four months since Plaintiff's document requests were served on Defendants, and at least two months since Plaintiff specifically requested production of these documents. Defendants have no excuse for this delay.

*Failure to Produce Knowledgeable 30(b)(6) Witness:* Plaintiff requested that Defendants identify for deposition an individual knowledgeable regarding ACRS forms, including relevant protocols, the audits described above, and claims or complaints relating to improperly completed ACRS forms. *See* Ex. D, Notice of Deposition. Defendants represented that DOC Officer Renet Scott would be able to testify competently regarding such issues, yet at her deposition Officer Scott admitted she had no knowledge regarding many of the topics listed in Plaintiff's deposition notice, including the audits that uncovered systematic failures by DOC officers to complete ACRS forms properly, and claims or complaints relating to improperly completed ACRS forms. *Compare* Ex. D, Notice of Deposition *with* Tr. 120:3-23; 124:6-20; 125:22-127:8; 130:19-

---

[3]  Defendants may claim that the search has been delayed as the relevant records are not located at a single facility, but this is no excuse for failing to conduct a review that Defendants agreed to almost *four months ago*— more than adequate time to search several facilities.

[4]  Defendants took *three months*, until December 2, 2019, to produce any protocols related to ACRS forms.

**Freshfields Bruckhaus Deringer US LLP**

131:11; 132:4-7; 135:15-136:4.[5]

**The Form Should be Excluded Under Rule 37(b)(2)(A)(ii):** Rule 37(b)(2) provides that if a party fails to obey a discovery order, the court "may issue further just orders," including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Rule 37(b)(2) sanctions are required to be "(1) just and (2) relate[d] to the particular claim to which the discovery order was addressed." *Balk v. New York Inst. of Tech.*, CV 11-509 JFB AKT, 2013 WL 6990767, at *3 (E.D.N.Y. Sept. 30, 2013) (internal quotations omitted). A court has "wide discretion in sanctioning a party for discovery abuses." *Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 267 (2d Cir. 1999).

A court deciding whether to preclude introduction of matters in evidence is guided by several factors, including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences ... of non-compliance." *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302–03 (2d Cir. 2009). Each of these factors weighs in Plaintiff's favor.

*Willfulness of Non-Compliance:* Defendants have no excuse for failing to take reasonable steps to identify Officer X (especially after representing on multiple occasions that they would do so), no excuse for failing to provide clearly significant and identified documents, and no excuse for failing to produce a knowledgeable 30(b)(6) witness despite assurances that they would do so. These failures constitute willful non-compliance with the Court's Order.

*Efficacy of Lesser Sanctions:* This Court has already reopened discovery and imposed monetary sanctions on Defendants, yet Defendants continue to fail to abide by their discovery obligations. Exclusion of the Form from this case is the only sanction left for Defendants.

*Duration of Non-Compliance:* Defendants' non-compliance with their discovery obligations began in 2015 when they failed to disclose the Form as required under Rule 26(a). Since discovery was re-opened on August 8, 2019, Defendants have continued to frustrate Plaintiff's attempts to discover basic information relevant to the Form, as detailed above. Defendants' non-compliance is on-going, and Defendants have made no indication that they are taking any steps to remediate these discovery-related failures.

*Familiarity with Consequences of Non-Compliance:* Defendants are familiar with the consequences of non-compliance, particularly in light of Plaintiff's Rule 37(c) motion.

\* \* \*

Defendants' flippant approach to their discovery obligations arising from this Court's Order has prevented Plaintiff from effectively collecting evidence about the Form, necessitating this application for sanctions pursuant to Rule 37(b)(2)(A)(ii). Such relief has been awarded previously in this Court. *See, e.g.*, *FUJIFILM N.A. Corp. v. Big Value Inc.*, 16-CV-5677 (BMC), 2018 WL 4210132, at *3 (E.D.N.Y. Sept. 4, 2018) (defendants precluded from introducing evidence related to disputed deductions following failure to produce related documents despite court order and plaintiff's warnings); *Salten v. County of Suffolk*, CV 08-5294 SJF AKT, 2011 WL 1897675, at *4 (E.D.N.Y. Apr. 6, 2011) (party precluded from seeking certain relief following "willful and intentional disregard of the Court's directives"). Accordingly, Plaintiff respectfully requests that this Court prohibit Defendants from introducing the Form as evidence in this case or using the Form to support or defend any claim or defense.

---

[5] In fact, Officer Scott explained that she had been shown the deposition notice for the first time on the morning of the deposition. Tr. 8:25-9:9. *Cf.* Tr. 6:22-24 (Officer Scott states that she will testify with respect to each topic on the Rule 30(b)(6) notice).



                                Respectfully submitted,

                                */s/ Cameron Russell*

                                Cameron Russell

Cc: Counsel of record (by ECF)