UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
JAMES HUNTER,

        Plaintiff,                              MEMORANDUM
                                                                  AND ORDER
    -against-                              12 CV 6139 (MKB)(RML)

CITY OF NEW YORK, *et al.*,

        Defendants.
----------------------------------------------------X

LEVY, United States Magistrate Judge:

        Plaintiff James Hunter ("plaintiff") moves for sanctions under Federal Rule of Civil Procedure 37(b)(2)(A)(ii), seeking to prohibit defendants from introducing into evidence, or using to support or defend any claim or defense, the Arraignment and Classification Risk Screening ("ACRS") Form (the "Document"), which defendants disclosed to plaintiff on June 5, 2019, three months after the March 4, 2019 discovery deadline. (See Letter of Cameron Russell, Esq., dated Jan. 15, 2020 ("Pl.'s Motion"), Dkt. No. 156.) I heard oral argument on February 5, 2020. (See Transcript of Oral Argument, dated Feb. 5, 2020 ("Tr."), Dkt. No. 158.)

        Plaintiff previously moved to exclude the document under Rule 37(c)(1). By Memorandum and Order dated August 8, 2019, I granted the motion in part and denied it in part, reopening discovery on a limited basis to allow plaintiff to conduct depositions or propound interrogatories related to the Document, and ordering defendants to pay plaintiff's legal fees and any costs flowing from the motion and further discovery attributable to defendants' belated disclosure. (See Memorandum and Order, dated Aug. 8, 2019 ("M&O"), Dkt. No. 146.)

        Plaintiff now claims that defendants failed to comply with the court's order because the additional discovery did not reveal the identity of the person who filled out the Document at Brooklyn Central Booking when plaintiff was placed in custody of the Department

of Corrections ("DOC") in April 2011.  (See Pl.'s Motion.)  He argues that defendants could not identify the DOC officer because the officer did not sign the Document, "the log that would have recorded the list of individuals working on the day the [Document] was completed has been lost," and defendants have not taken "reasonable steps" to identify the officer through other means.  (Id. at 2.)  Defendants contend that they have complied with all of plaintiff's discovery demands and have produced a Rule 30(b)(6) witness for deposition, as well as "all of the responsive documents that [they] have been able to obtain."  (Letter of Brian Zapert, Esq., dated Jan. 22, 2020 ("Defs.' Opp."), Dkt. No. 157, at 3.)

Rule 37(b)(2)(A)(i)–(vii) sets forth a non-exclusive list of sanctions a court may impose against a party for failing to comply with a court order.  Rule 37(b)(2)(A)(ii) allows the court to prohibit a "disobedient party" from "supporting or opposing designated claims or defenses, or from introducing designated matters into evidence" where a party fails to obey an order to provide discovery.  See FED. R. CIV. P. 37(b)(2)(A)(ii).  Rule 37 sanctions are "a harsh remedy to be used only in extreme situations." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (citation omitted).

The primary purpose of the M&O was to put plaintiff in the position he would have been in had defendants disclosed the Document in the regular course of discovery.  This has been accomplished.  Defendants have made four supplemental document disclosures, totaling more than 237 pages.  (Defs.' Opp. at 1.)  They have also produced a witness, Corrections Officer Renet Scott, who testified at a Rule 30(b)(6) deposition on December 9, 2019.  (See Deposition Transcript, Dkt. No. 156-1.)  That defendants could not identify the officer who filled out the Document in 2011 does not mean they have failed to comply with my discovery order. Plaintiff cannot show that defendants would have been able to do so in 2015, when the

Document should have been disclosed. Defendants' counsel has stated that he has made every effort to learn the officer's identity and has acted in good faith to carry out his discovery obligations. (Tr. at 18 ("[A]s I stated previously, the surrendering officer could have worked for a city law enforcement agency but also a state law enforcement agency that would not be within our custody or control. Either way, I have been working to identify it. However, it's illegible and I simply cannot identify an illegible signature and I cannot identify a non-exhibited signature. I've made every reasonable attempt to produce documents in good faith. I've simply been unable to do so[.]")

Plaintiff also complains that defendants have not complied with his demands for "facility general office audits that detail systematic failures to fill out ACRS forms" and "a competent witness who could speak to these audits and to claims and complaints related to improperly completed ACRS forms." (Tr. at 6.) Defendants argue that these requests are outside the scope of the M&O, which reopened discovery "on a limited basis, to allow plaintiff to conduct depositions or propound interrogatories related to the Document." (M&O at 6.) They also point out that plaintiff served no discovery demands and made no motion to compel after Officer Scott's deposition. (Tr. at 13.) I agree that defendants were ordered to produce discovery "related to the Document," and I am satisfied that they have done so, to the best of their ability. Plaintiff's motion is therefore denied.

SO ORDERED.

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
March 4, 2020